James E.P. Sisto, Ohio Bar #0020089
jsisto@schuergerlaw.com
Schuerger Law Group
1001 Kingsmill Parkway
Columbus, OH 43229
Telephone: 614-674-6901

Randy Kilbride, Ohio Bar #0067206
Rkilbride@schuergerlaw.com
Schuerger Law Group
1001 Kingsmill Parkway
Columbus, OH 43229
Telephone: 380-201-6957

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## XXXX DIVISION

### Case No.: 21-CV-XXXXX

| | |
|---|---|
| CARL FORSELL DBA NONCE PTE LTD., | : |
| Plaintiff, | : |
| -vs- | : **PLAINTIFF'S COMPLAINT** |
| SQUIRRELS RESEARCH LABS LLC., and ALLMINE INC. DBA FPGA.LAND, | : |
| Defendants. | : |

Plaintiff Carl Forsell DBA Nonce Ptd Ltd. (hereinafter, individually and collectively, "Plaintiff" or "Forsell") for its Complaint against Defendant Company K(hereinafter "Defendants" and "Allmine Inc.") and Defendant Company O (hereinafter "Defendants" and "Squirrels LLC") pursuant to the hereby states as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Carl Forsell is an individual and resident of Singapore, doing business as Nonce Ptd Ltd in Singapore. Plaintiff owns and operates this Singapore-based firm involved in the processing and mining of cryptocurrencies.

2. Defendant Allmine Inc. is a Kentucky Corporation doing business in Kentucky and internationally through its online business known as "FPGA Land."

3. Defendant Squirrels LLC is an Ohio LLC doing business in Ohio and internationally through its online business known as "SQRL." Squirrels LLC is a supplier/vendor of hardware associated with the processing and mining of cryptocurrencies.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because the claim arises under the Constitution, laws, or treaties of the United States, specifically the United Nations Convention on Contracts for the International Sale of Goods (CISG).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1), because a substantial part of the events, omissions, or parts of property giving rise to the claims asserted herein occurred within this judicial district.

6. Jurisdiction and venue are also proper the Ohio Uniform Commercial Code ("UCC"), specifically Title 13 of the Ohio Revised Code.

## FACTUAL BACKGROUND
## ALL COUNTS

7. This matter arises out of a series of contracts between Defendants Squirrels LLC, Allmine Inc., and Plaintiff beginning June 2018.

2

8. On or about June 7, 2018, Plaintiff engaged in an online transaction agreement with Allmine Inc, doing business as FPGA Land, (Order #1042) for the purchase of 4 VCU1525-Blockchain Edition expansion boards containing FPGA coprocessors intended for the acceleration of algorithms used in the mining of cryptocurrencies totaling $14,530.64. This transaction was paid for via Plaintiff's PayPal account.

9. On or about the same day, June 7, 2018, Plaintiff would go on to place an additional ten (10) orders, all identical to the first, each totaling $14,530.64 (Order #s 1076, 1084, 1087, 1090, 1094, 1097, 1098, 1099, 1110, and 1121). All but two were paid via PayPal. The final two (2) transactions were paid via Coinbase Commerce in the form of cryptocurrency, specifically Ethereum ("ETH").

10. On or about June 8, 2018, Plaintiff placed an order (Order #1174) identical to the first eleven transactions totaling $14,530.64 and paid for it via bank transfer.

11. On or about June 9, 2018, Plaintiff placed an additional order (Order #1247), this time for 10 units of VCU1525 Blockchain Edition hardware, totaling $36,224.06. This transaction was paid via ETH.

12. On or about June 13, 2018, Plaintiff placed an order (Order #1395) for 10 units, totaling $36,224.06 paid for via ETH.

13. On or about June 13, 2018, Plaintiff placed an order (Order #1405) for 52 units, totaling $187,973.09 paid via bank deposit.

14. On or about June 13, 2018, Plaintiff placed an order (Order #1406) for 30 units, totaling $108,410.80 paid via bank deposit.

15. On or about June 18, 2018, Plaintiff placed an order (Order #1505) for 19 units, totaling $63,949.58) paid via bank deposit.

3

16. Upon information or belief, for each transaction entered into by Plaintiff on June 7, 2018, to June 18, 2018 via FPGA Land's website, Plaintiff received an email confirmation which included an Order Number, Order Summary (detailing the specific goods purchased, how many of each unit, and the total price), Customer Billing and Shipping information, and a message informing Plaintiff that his order will be ready to ship soon.

17. On or about June 16, 2018 at approximately 9:35am, Plaintiff emailed a sales representative from Squirrels LLC, Jessica Gritzan (hereinafter "Gritzen"), inquiring of any cancellations for more units as he was interested in purchasing additional 20 units for his firm.

18. On or about June 16, 2018 at approximately 12:32pm, Squirrels LLC representative Gritzen replied to Plaintiff's electronic inquiry, confirmed Squirrels LLC could accommodate his order of 20 units. In that same response, Gritzen advised Plaintiff she attached an invoice for payment, Invoice #2860, in the amount of $67,000.

19. On or about June 16, 2018, in response to payment of the invoice, Plaintiff inquires as to the availability of an additional 19 units for purchase.

20. On or about June 17, 2018, Gritzen responds to Plaintiff's inquiry about the additional 19 units in the affirmative, and proceeds to send Plaintiff Invoice #2865 in the amount of $63,650.

21. On or about June 18, 2018, a wire transfer was sent to Allmine Inc. to satisfy Invoice #2860 for the full amount of $67,000.

22. On or about June 18, 2018, a second wire transfer was to sent to Allmine Inc. to satisfy Invoice #2865 for the full amount of $63,650.

23. On or about June 27, 2018, in an email with Gritzen, Plaintiff requests Squirrels LLC send an invoice for 50 additional units. Shortly after, per their usual dealings, Gritzen sends Plaintiff Invoice #2981 in the amount of $167,500. This transaction was satisfied in via telegraph transfer for the full amount.

24. On or about August, 6, 2018, in a joint press release with the manufacturer of the hardware in this case, it was announced that the shipment of hardware units could be delayed until at least end of 2018 due to constraints in the supply of semiconductor components necessary to build the expansion board units.

25. In light of this untimely delay, and with no indication of exactly how long the delay will be, Plaintiff notified Allmine Inc. and Squirrels LLC in writing of his request to cancel and refund any delayed orders via email to FPGA Land on August 14, 2018. (See Exhibit A).

26. Upon information and belief, Plaintiff's request was acknowledged and accepted promptly by both Defendants. (See Exhibit B evidencing Plaintiff's FPGA Land Orders were cancelled).

27. On or about August 21, 2018, Plaintiff received an email from Squirrels LLC advising him that refunds would be issued soon. However, no exact date was given. (See Exhibit C).

28. On or about August 28, 2018, Plaintiff received another email from Squirrels LLC advising refunds will be processed that week. (See Exhibit D).

29. On or about March 15, 2019, after still not receiving any refund or further communication from Squirrels LLC, Plaintiff emailed FPGA Land informing that, per his

own reconciliation of accounts, he had not received the full refund amount from Defendants. (See Exhibit E).

30. Upon information and belief, as of March 15, 2019, Plaintiff had only received $101,714.48 in refunds, each of which was paid via PayPal to Allmine Inc./FPGA Land.

31. On or about March 18, 2019, Plaintiff received an email from FPGA Land informing that as part of Allmine Inc.'s joint venture with Squirrels LLC, Allmine Inc. forwards funds from sales to Squirrels LLC for Squirrels LLC to then fulfill their obligation as part of the joint venture to received, process, and ship the items out.

32. With this new information in hand, Plaintiff makes several unreturned attempts to reach out to Squirrels LLC to inquire about the remainder of refund. (See Exhibits F, G, H).

33. On or about March 21, 2019, Gritzen from Squirrels LLC responds to Plaintiff's inquiry about his refund, stating that Squirrels LLC would only be able to refund Plaintiff over time, suggesting $50,000 a month, citing the company is unable to pay the entire amount due at that time.

34. On or about April 9, 2019, Plaintiff and Squirrels LLC agreed on the outstanding amount due to Plaintiff in the amount of $774,373.60. (See Exhibit I).

35. Plaintiff would go on to send several more electronic correspondences, correspondence through legal counsel, and numerous phone calls to both Defendants receiving no response after each attempt. (See Exhibits J, K).

36. As of the date of this filing, Plaintiff has still not been refunded the outstanding amount due to him.

## COUNT ONE
### (Breach of Contract)

37. Plaintiff hereby incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 36 above.

38. In the United States, the CISG is a ratified treaty with the preemptive force of federal law. *See* U.S. Const., Art. VI (Supremacy Clause); *see also BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 336 (5th Cir. 2003) (the CISG creates a private right of action in federal court).

39. The CISG is a self-executing agreement between the United States and other signatories, including Singapore, that applies "to contracts for the sale of goods between parties whose places of business are in different States…when the States are Contracting States." CISG Art.1, Apr. 11, 1980, 1489 U.N.T.S. 3.

40. As incorporated federal law, the CISG governs disputes so long as the parties have not elected to exclude its application. CISG art. 6. *See It's Intoxicating, Inc. v. Maritim Hotelgesellschft, mbH*, CIVIL ACTION NO. 3:11-2379 (M.D. Pa. Aug. 27, 2012).

41. At no point did the contracting parties in this matter affirmatively state that the CISG does not apply to this contract, so the CISG applies.

42. Pursuant to Article 11 of the CISG, a contract of sale "need not be concluded in or evidenced by writing and is not subject to any other requirement as to form. It may be proved by any means, including witnesses." CISG art. 11. This would include telecommunications or email correspondence. CISG art. 13.

43. Under CISG, a plaintiff must plead the traditional four elements of a breach of contract claim: formation, performance, breach and damages. *See Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F.2d 919, 924 (N.D. Ill. 1999).

44. The Contracting Parties effectively entered into a contract for the sale of goods when Plaintiff initially placed an online order for the hardware, and for every subsequent transaction since June 7, 2018.

45. Plaintiff performed his obligation of supplying monetary funds in exchange for the hardware he ordered.

46. Allmine Inc. performed its obligation of forwarding funds to Squirrels LLC, as per the terms of its joint venture with Squirrels LLC. Squirrels LLC was to assume all obligations related to fulfillment of the agreement.

47. Upon Plaintiff's cancellation and request for a refund of his monies, Squirrels LLC acknowledged and agreed to refund Plaintiff in full yet refuses to act.

48. Squirrels LLC has repeatedly and materially breached the contract entered into between Squirrels LLC and Plaintiff (the "Contract Documents") by failing to refund the full outstanding balance owed to Plaintiff after several repeated attempts and communications spanning three (3) years.

49. The Contract Documents include, but are not limited to, the Purchase Order Invoices, Payment Records, and Payment Confirmations (attached hereto as Exhibits L, M, N), and/or various other statements of work, service agreements, and other commitments by Squirrels LLC and Allmine Inc.

50. Plaintiff has duly performed all promises and obligations required of it and, for all intents and purposes, satisfied all conditions under the Contract Documents.

51. As a direct, proximate and foreseeable result of the repeated and material beaches of contract as described above, Plaintiff has been damaged in an amount not presently

subject to precise calculation, but which is believed to be approximately $774,373.60, plus applicable interest rates, subject to proof in an exact amount at trial.

52. The breaches by Squirrels LLC of its obligations under the Contract Documents were willful, grossly negligent, reckless and/or in bad faith. Accordingly, Plaintiff is entitled to recover its attorneys' fees and costs incurred in this action.

## COUNT TWO
### (Unjust Enrichment)

53. Plaintiff hereby incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 52 above.

54. Pursuant to Article 84 of the CISG, "If the seller is bound to refund the price, he must also pay interest on it, from the date on which the price was paid."

55. Plaintiff has made payments to Squirrels LLC of approximately $774,373.60, plus interest at the rate determined in accordance with Ohio Revised Code Section 5703.47 (as the CISG is silent on this issue), without receiving any equivalent value in return.

56. Plaintiff is entitled to an interest rate of 7% for 2018, 8% for 2019, 8% for 2020, and 6% for 2021.

57. Equity requires that Squirrels LLC disgorge the payments made by Plaintiff. Otherwise, Squirrels LLC will be unjustly enriched to the detriment of Plaintiff.

58. Plaintiff has suffered and will continue to suffer damages as a result of Squirrels LLC's failure to provide a refund of the monies owed to Plaintiff.

**WHEREFORE**, Plaintiff Forsell respectfully requests that this Court enter judgment against Defendants as follows:

a. Declare that Defendants' actions and omissions complained of herein were in violation of the United Nations Convention on Contracts for the International Sale of Goods and regulations thereunder;

b. Award Plaintiff compensatory damages in an amount not presently subject to precise calculation, but believed to be approximately $774,373.60, plus interest, subject to proof in an exact amount at trial;

c. Award Plaintiff punitive damages;

d. Award Plaintiff his attorneys' fees, litigation expenses, and costs; and

e. Grant such further relief as this Court deems equitable and just.

Dated: November 8, 2021                     Respectfully submitted,

By: _____
James E.P. Sisto, Ohio Bar #0020089
jsisto@schuergerlaw.com
Schuerger Law Group
1001 Kingsmill Parkway
Columbus, OH  43229
Telephone: 614-674-6901

By: _____
Randy Kilbride, Ohio Bar #0067206
Rkilbride@schuergerlaw.com
Schuerger Law Group
1001 Kingsmill Parkway
Columbus, OH  43229
Telephone: 380-201-6957

Attorneys for Plaintiffs